USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 11/15/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MILLTEX GROUP INC.,

    Plaintiff,

v.

GOSSARD & BERLEI LTD. AND COURTAULDS BRANDS LTD.,

    Defendants.

---

No. 15-CV-10002 (RA)

ORDER ADOPTING REPORT AND RECOMMENDATION

RONNIE ABRAMS, United States District Judge:

On November 27, 2017, the Court ordered that default judgment be entered against Defendants as to liability, and referred the matter to Magistrate Judge Fox for an inquest to determine the amount of Plaintiff's damages. ECF No. 79. Before the Court is Judge Fox's Report and Recommendation ("Report") finding that Plaintiff failed to prove any damages in connection with its claims against Defendants for breach of contract and unfair competition. ECF No. 91. Neither party objected to the Report. Because the time to do so has passed and the Court finds no clear error in the Report, it adopts the Report in its entirety, and declines to award Plaintiff any damages.

## I. Procedural Background

Plaintiff Milltex Group Inc. commenced this diversity action against Defendants Gossard & Berlei Ltd. and Courtaulds Brands Ltd., on December 28, 2015, asserting claims for breach of contract and unfair competition. ECF No. 6. Defendants answered, asserted counterclaims, moved for judgment on the pleadings seeking dismissal of Plaintiff's complaint, and moved for summary judgment as to its counterclaims. ECF Nos. 23, 28, 31. The Court denied Defendants' summary

judgment motion without prejudice but granted its motion for judgment on the pleadings while permitting Plaintiff to replead its claims within 30 days. ECF Nos. 44 and 46. On April 10, 2017, the Court permitted Defendants' then-counsel to withdraw, pursuant to Local Civil Rule 1.4. ECF No. 57. The Court advised Defendants that if Plaintiff timely filed an amended complaint, Defendants' failure to appear through counsel could result in the entry of a default judgment, as Defendants are corporations and "a corporation may not appear in a lawsuit against it except through an attorney." *SEC v. Research Automation Corp.*, 521 F.2d 585, 589 (2d Cir. 1975); ECF No. 57.

On May 2, 2017, Plaintiff timely filed its amended complaint. ECF No. 59. On August 31, 2017, Plaintiff filed a motion for default against Defendants with supporting affidavits. ECF Nos. 67, 68, 69, 70. The Clerk of Court entered a certificate of default against Defendants on September 12, 2017, ECF No. 71, and Plaintiff moved for a default judgment against them on October 4, 2017. ECF No. 73. On October 13, 2017, the Court directed Defendants to show cause as to why a default judgment should not be entered against them, an order which Plaintiff served on Defendants. ECF Nos. 76, 77. The Order to Show Cause hearing was held on November 20, 2017. Defendants did not appear. On November 27, 2017, the Court granted Plaintiff's motion for a default judgment and referred the matter to Judge Fox for an inquest to determine the amount of Plaintiff's damages. ECF No. 79.

On January 19, 2018, Judge Fox directed Plaintiff to file an inquest memorandum, accompanied by supporting affidavits and exhibits, setting forth proof of its damages with regard to its two claims for breach of contract and unfair competition, and to serve the same on Defendants. ECF No. 81. After receiving extensions of time to submit its inquest papers, ECF Nos. 83, 86, 87, on March 29, 2018, Plaintiff filed an inquest memorandum and served it on

2

Defendants. ECF No. 90. On September 20, 2018, Judge Fox issued the Report finding that Plaintiff's inquest submissions failed to establish its damages with reasonable certainty and recommending that Plaintiff be awarded no damages. ECF No. 91.

## II. Legal Standard

When reviewing a magistrate judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may object to a magistrate judge's recommended findings "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2). "When the parties make no objections to the Report, the Court may adopt the Report if there is no clear error on the face of the record." *Galeana v. Lemongrass on Broadway Corp.*, 120 F. Supp. 3d 306, 310 (S.D.N.Y. 2014).

"Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). Rather, the Court "should take the necessary steps to establish damages with reasonable certainty." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997). In addition, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). .

## III. Discussion

The parties' deadline to object to the Report has passed, and neither party submitted any objections. The Court has therefore reviewed the Report for clear error and has found none. The Report carefully examined Plaintiff's inquest memorandum and concluded that the damages stated in each paragraph were not supported anywhere in Plaintiff's complaint, or in its submissions.

3

Indeed, Plaintiff's submissions—which appear to include some invoices and receipts whose figures seem unrelated to those in the inquest memorandum, a photo of a garment, and an affidavit previously submitted by Defendants in their motion for summary judgment that largely addresses Defendants' liability—do not establish damages with any certainty whatsoever.

## IV. Conclusion

Accordingly, the Court adopts the Report in its entirety and agrees that Plaintiff is not entitled to any damages in this action. The parties' failure to file written objections precludes appellate review. *See Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008). The Clerk of Court is respectfully directed to mail a copy of this Order to Defendants and to close this case.

SO ORDERED.

Dated: November 15, 2018
       New York, New York

Hon. Ronnie Abrams
United States District Judge